UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRAINBUILDERS LLC, and H and D, by their Attorney-in-Fact, RACHEL SOROTZKIN,

    Plaintiffs,

-against-

EMBLEMHEALTH, INC., GROUP HEALTH INCORPORATED, THE CITY OF NEW YORK, NEW YORK CITY OFFICE OF LABOR RELATIONS, and NEW YORK CITY DEPARTMENT OF EDUCATION,

    Defendants.

Civil Action No. 1:21-cv-04627-KPF

---

**DEFENDANTS EMBLEMHEALTH, INC. AND GROUP HEALTH INCORPORATED'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 8, 2022 ORDER DISMISSING PLAINTIFFS' SECOND AMENDED COMPLAINT**

Howard S. Wolfson
Alvin C. Lin
Joaquin Ezcurra
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Defendants EmblemHealth, Inc. and Group Health Incorporated*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.  PLAINTIFFS HAVE NOT MET THE HIGH STANDARD FOR A MOTION FOR RECONSIDERATION ........................................................................................ 2

II. THIS COURT DID NOT ERR IN HOLDING THAT A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED WHEN IT IS DUPLICATIVE OF A CLAIM FOR BREACH OF CONTRACT ........................................................................................ 3

III. THERE IS NO BASIS TO RECONSIDER THE ISSUE OF WHETHER PLAINTIFFS HAVE PROPERLY BROUGHT THIS LAWSUIT ON BEHALF OF THE MEMBERS, WHICH WAS NOT NECESSARY TO THE COURT'S ORDER ........................................... 6

IV. PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND THEIR COMPLAINT FOR YET A THIRD TIME ........................................................................................ 7

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*2470 Cadillac Res., Inc., v. DHL Express (USA), Inc.*,
   84 A.D.3d 697 (1st Dep't 2011) ...................................................................................3, 4

*Abraham v. Leigh*,
   No. 17 Civ. 5429 (KPF), 2020 U.S. Dist. LEXIS 182315
   (S.D.N.Y. Oct. 1, 2020) .........................................................................................................2

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
   684 F.3d 36 (2d Cir. 2012) ....................................................................................................2

*Anders v. Verizon Commc'ns. Inc.*,
   No. 16 Civ. 5654 (VSB), 2018 U.S. Dist. LEXIS 95303
   (S.D.N.Y. June 5, 2018) ........................................................................................................8

*Boustead Sec., LLC v. Leaping Grp. Co.*,
   No. 20 Civ. 3749 (VEC), 2021 U.S. Dist. LEXIS 160912
   (S.D.N.Y. Aug. 25, 2021) .....................................................................................................4

*Corsair Special Situations Fund, L.P. v. Nat'l Res.*,
   595 Fed. Appx. 40 (2d Cir. 2014) .........................................................................................2

*Courtien Commc'ns., Ltd. v. Aetna Life Ins. Co.*,
   193 F. Supp. 2d 563 (E.D.N.Y. 2001) ..................................................................................5

*Curtis v. Greenberg*,
   No. 20 Civ. 824 (PKC) (LB), 2022 U.S. Dist. LEXIS 10004
   (E.D.N.Y. Jan. 19, 2022) ......................................................................................................7

*Deutsche Bank Secs. Inc. v. Rhodes*,
   578 F. Supp 2d 652 (S.D.N.Y. 2008) ...................................................................................3

*Doe v. E. Side Club, LLC*,
   No. 18 Civ. 11324 (KFF), 2021 U.S. Dist. LEXIS 195433
   (S.D.N.Y. Oct. 8, 2021) ........................................................................................................2

*Fantozzi v. Axsys Techs., Inc.*,
   No. 07 Civ. 02667 (LMM), 2008 U.S. Dist. LEXIS 94040
   (S.D.N.Y. Nov. 6, 2008) .......................................................................................................5

*Four Winds v. Blue Cross & Blue Shield*,
   241 A.D.2d 906 (3d Dep't 1997) ..........................................................................................6

*Friends of Gateway v. Slater*,
    257 F.3d 74 (2d Cir. 2001)..................................................................................................7

*Grimes v. Fremont Gen. Corp.*,
    933 F. Supp. 2d 584 (S.D.N.Y. 2013)..................................................................................8

*Hard Rock Café Int'l (USA), Inc. v. Hard Rock Hotel Holdings, LLC*,
    808 F. Supp. 2d 552 (S.D.N.Y. 2011)..................................................................................5

*Phoenix Co., Inc. v. Concentrix Ins. Admin. Sols.*,
    554 F. Supp. 3d 568 (S.D.N.Y. 2021)..................................................................................3

*Kamdem-Ouaffo v. Balchem Corp.*,
    No. 17 Civ. 2810 (KMK), 2019 U.S. Dist. LEXIS 108858
    (S.D.N.Y. June 27, 2019).....................................................................................................4

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
    729 F.3d 99 (2d Cir. 2013)...................................................................................................2

*Landry v. Metro. Life Ins. Co.*,
    No. 19 Civ. 3385 (KFF), 2021 U.S. Dist. LEXIS 84261
    (S.D.N.Y. May 3, 2021).......................................................................................................2

*Leki Aviation A/S v. B/E Aerospace, Inc.*,
    No. 653625/12, 2013 N.Y. Misc. LEXIS 2603
    (Sup. Ct. N.Y. Cnty. June 14, 2013)....................................................................................5

*Logan Advisors, LLC v. Patriarch Partners, LLC*,
    63 A.D.3d 440 (1st Dep't 2009) ..........................................................................................3

*Manes v. JPMorgan Chase Bank, N.A.*,
    No. 20 Civ. 11059 (VEC), 2022 U.S. Dist. LEXIS 39941
    (S.D.N.Y. Mar. 7, 2022).......................................................................................................8

*Mtume v. Sony Music Ent.*,
    No. 18 Civ. 6037 (ER), 2020 U.S. Dist. LEXIS 150143
    (S.D.N.Y. Aug. 19, 2020).................................................................................................4, 5

*Petty v. City of New York*,
    No. 10 Civ. 8581 (KPF), 2014 U.S. Dist. LEXIS 176211
    (S.D.N.Y. Dec. 22, 2014).....................................................................................................5

*Phoenix Co., Inc. v. Concentrix Ins. Admin. Sols.*,
    554 F. Supp. 3d 568 (S.D.N.Y. 2021)..................................................................................3

*Raglan Realty Corp. v. Tudor Hotel Corp.*,
    149 A.D.2d 373 (1st Dep't 1989) ........................................................................................5

*Ret. Bd. of the Policemen's Annuity & Benefit Fund v. Bank of N.Y. Mellon*,
　No. 11 Civ. 5459 (WHP), 2014 U.S. Dist. LEXIS 105805
　(S.D.N.Y. July 30, 2014) ...................................................................................................6

*Riverbay Corp. v. Thyssenkrupp N. El. Corp.*,
　116 A.D.3d 487 (1st Dep't 2014) .....................................................................................3

*Roberts v. Weight Watchers Int'l, Inc.*,
　217 F. Supp. 3d 742 (S.D.N.Y. 2016) ...............................................................................6

*RST (2005) Inc. v. Research in Motion Ltd.*,
　597 F. Supp. 2d 362 (S.D.N.Y. 2009) ...............................................................................4

*Schwartz v. HSBC Bank USA, N.A.*,
　No. 14 Civ. 9525 (KPF), 2017 U.S. Dist. LEXIS 94019
　(S.D.N.Y. June 19, 2017) ..................................................................................................2

*Stone v. Theatrical Inv. Corp.*,
　80 F. Supp. 3d 505 (S.D.N.Y. 2015) .................................................................................2

*Veneto Hotel & Casino, S.A. v. German Am. Cap. Corp.*,
　160 A.D.3d 451 (1st Dep't 2018) .....................................................................................6

*Zappin v. Cooper*,
　No. 16 Civ. 5985 (KPF), 2018 U.S. Dist. LEXIS 84699
　(S.D.N.Y. May 18, 2018) ..................................................................................................5

**PRELIMINARY STATEMENT**

As discussed below, Plaintiffs' motion for reconsideration is without merit and should be denied for multiple reasons:

First, Plaintiffs fail to meet the standard for a motion to reconsider, which requires them to show an intervening change of controlling law, availability of new evidence, or need to correct a clear error or prevent manifest injustice.  Here, Plaintiffs' motion is simply an effort to re-litigate issues that they have lost, which is impermissible.

Second, as this Court correctly determined in its Opinion and Order dated August 8, 2022 (the "Order," ECF No. 56), Plaintiffs' implied covenant claim "is, word for word, identical to Plaintiffs' breach of contract claim."  (Order at 19.)  Thus, it was properly dismissed as duplicative under well-settled caselaw.  Further, contrary to Plaintiffs' new argument on this motion, courts repeatedly dismiss claims for breach of the implied covenant of good faith where a breach of contract claim is also dismissed.  Not surprisingly, Plaintiffs' motion studiously ignores these decisions.

Third, the Order explicitly stated that the issue of whether or not this action was commenced for the benefit of "H" and "D" (the "Members") was irrelevant to the Court's holding that the claims otherwise failed to state a cause of action.

Finally, Plaintiffs' request that they be permitted to re-plead for the third time should be denied because they have not articulated any basis for believing that they can allege a meritorious claim that overcomes the bases for dismissal set forth in the Order.

1

**ARGUMENT**

I. **PLAINTIFFS HAVE NOT MET THE HIGH STANDARD FOR A MOTION FOR RECONSIDERATION**

"A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). In words that are fully applicable here, this Court has held that this standard is not met where a party merely "repeat[s] old arguments previously rejected." *Abraham v. Leigh*, No. 17 Civ. 5429 (KPF), 2020 U.S. Dist. LEXIS 182315, at *4 (S.D.N.Y. Oct. 1, 2020) (Failla, J.) (quoting *Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015)); *see also Doe v. E. Side Club, LLC*, No. 18 Civ. 11324 (KFF), 2021 U.S. Dist. LEXIS 195433, at *3 (S.D.N.Y. Oct. 8, 2021) (Failla, J.) (denying motion to reconsider where plaintiff "has not set forth circumstances approaching the high bar for reconsideration"); *Landry v. Metro. Life Ins. Co.*, No. 19 Civ. 3385 (KFF), 2021 U.S. Dist. LEXIS 84261, at *4 (S.D.N.Y. May 3, 2021) (Failla, J.) (denying motion for reconsideration because it failed to meet standard); *Schwartz v. HSBC Bank USA, N.A.*, No. 14 Civ. 9525 (KPF), 2017 U.S. Dist. LEXIS 94019, at *7 (S.D.N.Y. June 19, 2017) (Failla, J.) (denying motion for reconsideration for failing to show "manifest injustice" which "provides relief only in the proverbial rare case") (quoting *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 Fed. Appx. 40, 44 (2d Cir. 2014)).

In the case at bar, Plaintiffs do not argue that there has been an intervening change in controlling law or that there is new evidence to be considered. Moreover, they have also not

2

shown a "clear error or manifest injustice." As such, the motion for reconsideration must be denied.

## II. THIS COURT DID NOT ERR IN HOLDING THAT A CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED WHEN IT IS DUPLICATIVE OF A CLAIM FOR BREACH OF CONTRACT

Plaintiffs argue that their claim for breach of the implied covenant of good faith and fair dealing should not have been dismissed because in the cases cited by this Court in its Order, "the claim for ordinary breach was not dismissed, and the claims for breach of the covenant of good faith were truly 'redundant.'" (ECF No. 58 at 4). Plaintiffs mischaracterize the cases and the law.

The law in New York -- which was briefed in the motion to dismiss -- is clear that a claim for breach of the implied covenant of good faith and fair dealing must be ***"dismissed as duplicative of the breach of contract claim [when] both claims arise from the same facts."*** *Logan Advisors, LLC v. Patriarch Partners, LLC*, 63 A.D.3d 440, 443 (1st Dep't 2009) (emphasis added.); *see also Riverbay Corp. v. Thyssenkrupp N. El. Corp.,* 116 A.D.3d 487, 489 (1st Dep't 2014); *2470 Cadillac Res., Inc., v. DHL Express (USA), Inc.*, 84 A.D.3d 697, 698 (1st Dep't 2011). As the Court held in its Order, that is precisely the situation here, where the claims for breach of contract and breach of the implied covenant are literally word-for-word the same. (Second Amended Complaint ("SAC," ECF No. 34) ¶¶ 34, 39).

Plaintiffs' motion for reconsideration does not address this established caselaw. Instead, Plaintiffs argue that in the decisions cited by this Court (*i.e.*, *Phoenix Co., Inc. v. Concentrix Ins. Admin. Sols.*, 554 F. Supp. 3d 568, 587 (S.D.N.Y. 2021) and *Deutsche Bank Secs. Inc. v. Rhodes*, 578 F. Supp 2d 652 (S.D.N.Y. 2008)), the claim for breach of contract was not dismissed.

According to the Plaintiffs, an implied covenant claim cannot be redundant if the breach of contract claim is also dismissed.

To the contrary, "[t]he weight of authority in this district strongly supports the dismissal of an implied covenant claim based on the same underlying facts as a breach of contract claim. ***This proposition holds even if the contract claim was rejected at the motion to dismiss or summary judgment stages***." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 367 (S.D.N.Y. 2009) (emphasis added) (rejecting same argument made by Plaintiffs here on motion for reconsideration.)  Courts repeatedly dismiss claims for breach of the implied covenant of good faith and fair dealing where the breach of contract claim is also dismissed.  *See Mtume v. Sony Music Ent.*, No. 18 Civ. 6037 (ER), 2020 U.S. Dist. LEXIS 150143, at *15 (S.D.N.Y. Aug. 19, 2020) (implied covenant claim based on same facts as contract claim should be dismissed "even where the breach of contract claim is also dismissed"); *Boustead Sec., LLC v. Leaping Grp. Co.*, No. 20 Civ. 3749 (VEC), 2021 U.S. Dist. LEXIS 160912, at *15 (S.D.N.Y. Aug. 25, 2021) (dismissing implied covenant claim as "duplicative" of breach of contract claim even though the latter was also dismissed); *Kamdem-Ouaffo v. Balchem Corp.*, No. 17 Civ. 2810 (KMK), 2019 U.S. Dist. LEXIS 108858, at *21 (S.D.N.Y. June 27, 2019) (same); *2470 Cadillac Resources, Inc.*, 84 A.D.3d at 698 (affirming dismissal of both breach of contract and implied covenant claims).

Plaintiffs ignore the caselaw expressly rejecting the very argument made by them on this motion.  Moreover, in previously opposing dismissal of their claims, Plaintiffs did not argue that the Court could not dismiss both the implied covenant of good faith and breach of contract claims.  Because this argument -- albeit without merit -- was not made previously, it cannot be made for the first time on a motion for reconsideration.  *See Zappin v. Cooper*, No. 16 Civ. 5985

4

(KPF), 2018 U.S. Dist. LEXIS 84699, at *7 (S.D.N.Y. May 18, 2018) (Failla, J.) (holding that plaintiff could not raise argument for first time on motion for reconsideration); *Petty v. City of New York*, No. 10 Civ. 8581 (KPF), 2014 U.S. Dist. LEXIS 176211, at *7 (S.D.N.Y. Dec. 22, 2014) (Failla, J.) (rejecting claim made on motion for reconsideration that "was not raised in Plaintiff's opposition papers, nor was it raised in his complaint").

The cases cited by Plaintiffs are inapposite. *Leki Aviation A/S v. B/E Aerospace, Inc.*, No. 653625/12, 2013 N.Y. Misc. LEXIS 2603, at *29 (Sup. Ct. N.Y. Cnty. June 14, 2013), actually dismissed an implied covenant claim for the same reason this Court did, holding that "the allegations in this cause of action essentially mimic those of the…causes of action for breach of contract and must be dismissed as duplicative."[1] Two of the other cases Plaintiffs cite do not even involve implied covenant claims. *See Courtien Commc'ns., Ltd. v. Aetna Life Ins. Co.*, 193 F. Supp. 2d 563, 571 (E.D.N.Y. 2001) (court held that plaintiff could proceed with pleading a claim for unjust enrichment in the alternative); *Raglan Realty Corp. v. Tudor Hotel Corp.*, 149 A.D.2d 373, 375 (1st Dep't 1989) (entitlement to specific performance could be pled in the alternative). The other case cited by Plaintiffs, *Fantozzi v. Axsys Techs., Inc.*, No. 07 Civ. 02667 (LMM), 2008 U.S. Dist. LEXIS 94040, at *22 (S.D.N.Y. Nov. 6, 2008), as other courts which have declined to follow it have noted, relied on an analysis of the pleading of quasi-contract claims in the alternative, "which implied covenants are not." *Mtume*, 2020 U.S. Dist. LEXIS 150143, at *16 ("*Fantozzi* justified its decision by citing caselaw relevant to quasi-contract claims, which implied covenants are not"); *Ret. Bd. of the Policemen's Annuity &*

---

[1] In *Hard Rock Café Int'l (USA), Inc. v. Hard Rock Hotel Holdings, LLC*, 808 F. Supp. 2d 552, 567-68 (S.D.N.Y. 2011), the Court permitted an implied covenant counterclaim to proceed where it alleged that plaintiff informed defendants' business partners that defendants could not sub-license trademarks while the agreement provided that defendants could, and thus plaintiff allegedly "subverted the contract's purpose." Here, there is no allegation that the Defendants EmblemHealth, Inc. and Group Health Incorporated (the "GHI Defendants") did anything to "subvert" the City of New York's healthplan for its employees and their dependents (the "NYC Plan")'s purpose. Plaintiffs only claim that the NYC Plan should pay a higher amount for the services rendered.

*Benefit Fund v. Bank of N.Y. Mellon*, No. 11 Civ. 5459 (WHP), 2014 U.S. Dist. LEXIS 105805, at *11-12 (S.D.N.Y. July 30, 2014) ("an implied covenant does not offer an alternate remedy to a contract claim; it is embedded in every contract").

Finally, although the Court did not reach these arguments in the Order, Plaintiffs cannot allege a claim for breach of the implied covenant of good faith and fair dealing because they admittedly are not a party to the NYC Plan. Plaintiffs cannot assert a claim for breach of the implied covenant under a contract to which they are not a party. *Four Winds v. Blue Cross & Blue Shield*, 241 A.D.2d 906, 907 (3d Dep't 1997) ("There being no contractual relationship, neither can there be any "covenant of good faith and fair dealing" implied which itself is based on the existence of a legal contractual obligation."). Moreover, Plaintiffs have not alleged that the GHI Defendants failed to pay the claims according to the terms specified in the NYC Plan. Instead, Plaintiffs are really seeking to use the implied covenant to vary the terms of the NYC Plan, which would be impermissible even if they were a party to that contract. *See Roberts v. Weight Watchers Int'l, Inc.*, 217 F. Supp. 3d 742, 752 (S.D.N.Y. 2016), *aff'd*, 712 Fed. Appx. 57 (2d Cir. 2017); *Veneto Hotel & Casino, S.A. v. German Am. Cap. Corp.*, 160 A.D.3d 451, 452 (1st Dep't 2018). For these reasons, Plaintiffs' motion for reconsideration must be denied.

### III. THERE IS NO BASIS TO RECONSIDER THE ISSUE OF WHETHER PLAINTIFFS HAVE PROPERLY BROUGHT THIS LAWSUIT ON BEHALF OF THE MEMBERS, WHICH WAS NOT NECESSARY TO THE COURT'S ORDER

Plaintiffs next argue that this Court should definitively hold that this lawsuit was commenced for the benefit of the Members and not Brainbuilders. (ECF No. 58 at 5-6). This argument fails for several reasons.

First, this argument is insufficient to meet the high standard for a motion for reconsideration. It presents no change in controlling law, no new evidence, and no clear error or manifest injustice.

Second, this Court explicitly held that whether this lawsuit was commenced on behalf of and for the sole benefit of the Members was irrelevant to its decision to dismiss the Complaint. In this Court's words: "[T]he Court need not make that determination, because even interpreting this lawsuit as validly commenced on behalf of and for the sole benefit of the Members, the Court must dismiss the Members' claims against the GHI Defendants for the reasons that follow." (ECF No. 56 at 16). Thus, there is no basis for reconsidering this issue because it was immaterial to the Court's decision. *See Friends of Gateway v. Slater*, 257 F.3d 74, 83 (2d Cir. 2001) (denying motion for reconsideration concerning argument that was "irrelevant to our determination"); *Curtis v. Greenberg*, No. 20 Civ. 824 (PKC) (LB), 2022 U.S. Dist. LEXIS 10004, at *12 n.7 (E.D.N.Y. Jan. 19, 2022) (argument was not a sufficient basis for reconsideration where it was "unnecessary to the Court's decision").

Finally, even if it was relevant to the Court's decision, this lawsuit was not commenced for the benefit of the Members. Brainbuilders is the first party listed in the caption. It is also the first party described in the SAC. If this action had truly been commenced for the benefit of the Members, there would have been no need to include Brainbuilders as a plaintiff. Further, nowhere does the SAC state that any recovery will be provided to the Members.

### IV. PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND THEIR COMPLAINT FOR YET A THIRD TIME

Plaintiffs' request that they be permitted to amend their complaint yet again -- after having had multiple opportunities to do so already -- should be denied on grounds of futility. As this Court properly held in its Order: "Here, Plaintiffs have already taken advantage of two

7

opportunities to amend their complaint, including after Defendants filed motions to dismiss in the District of New Jersey, raising the very arguments that the Court has found to be dispositive here." (ECF No. 56 at 44). This Court also noted: "Plaintiffs have not identified any amendments that would alter the Court's analysis, and their prior failures to correct the deficiencies in the pleadings suggest that they are unlikely to be able to do so." (*Id*.). The Court's reasoning remains true here.

Plaintiffs have not established that they have a meritorious claim and that a third amendment would not be futile. As discussed above, Plaintiffs' argument that the Court improperly dismissed their implied covenant claim is without merit and provides no grounds for allowing yet another amendment. Because they cannot overcome the grounds for dismissal in the Order, Plaintiffs have failed to submit a proposed amended pleading. Accordingly, after having had multiple opportunities to amend their complaint, Plaintiffs should not be given another. *See Manes v. JPMorgan Chase Bank, N.A.*, No. 20 Civ. 11059 (VEC), 2022 U.S. Dist. LEXIS 39941, at *23 (S.D.N.Y. Mar. 7, 2022) (denying motion for leave to amend where "Plaintiff has already had multiple opportunities to amend this claim" and failed to submit a proposed amended pleading); *Anders v. Verizon Commc'ns. Inc.*, No. 16 Civ. 5654 (VSB), 2018 U.S. Dist. LEXIS 95303, at *28 (S.D.N.Y. June 5, 2018) ("Given that I have provided Plaintiffs with multiple opportunities to amend their complaint, I find that it would be futile to allow Plaintiffs to amend once more."); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (holding that "further amendment would be futile" where plaintiffs had already had multiple opportunities to amend their complaint).

## **CONCLUSION**

For all the reasons stated herein, Plaintiffs' motion for reconsideration should be denied in its entirety.

Dated: New York, New York
September 6, 2022

MORRISON COHEN LLP

By: */s/ Howard S. Wolfson*
Howard S. Wolfson (hwolfson@morrisoncohen.com)
Alvin C. Lin (alin@morrisoncohen.com)
Joaquin Ezcurra (jezcurra@morrisoncohen.com)
909 Third Avenue
New York, New York  10022
(212) 735-8600
*Attorneys for Defendants EmblemHealth, Inc.
and Group Health Incorporated*