**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRAINBUILDERS LLC, and H and D, by their Attorney-in-Fact, RACHEL SOROTOZKIN,<br><br>Plaintiffs,<br>vs.<br><br>EMBLEMHEALTH, INC., GROUP HEALTH INCORPORATED, THE CITY OF NEW YORK, NEW YORK CITY OFFICE OF LABOR RELATIONS, and NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Emblems. | Civil Action No.: 1:21-cv-04627-KPF |

**REPY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

On the Brief:
Yaakov Pollak, Esq. (5597893)
55 Rena Lane
Lakewood, NJ 08701
Telephone: (732) 833-3421
Email: ypollak@nbyjlaw.com
*Attorney for Plaintiffs*

i

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ..............................................................................................1

LEGAL ARGUMENT................................................................................................................2

    I.    THE WEIGHT OF AUTHORITY SUPPORTS PLAINTIFFS' POSITION THAT GOOD FAITH IS NOT DUPLICATIVE OF ORDINARY BREACH WHEN THE SCOPE OF THE CONTRACT IS IN QUESTION, AND IT IS PLED IN THE ALTERNATIVE...2

CONCLUSION............................................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

*Alto v. Sun Pharm. Indus., Inc.*, No. 1:19-cv-09758 (S.D.N.Y. April 29, 2020)......................4

*Deutshe Bank Nat'l Trust Co. v. Fed. Deposit Ins. Corp. et al.*, 784 F. Supp. 2d 1142, 1162 (Ca. Dis. Ct. 2011) ........................................................................................................3, 4, 5

*E*Trade Financial Corp. v. Deutsche Bank AG*, 2008 WL 2428225, 26 (S.D.N.Y. 2008)......3

*Eaves, et al. v. Designs for Fin., Inc., et al.*, No. 09-cv-3952, n.23 (S.D.N.Y. March 30, 2011) ..............................................................................................................................................4

*Fantozzi v. Axsys Techs., Inc.*, No. 07 Civ. 2667 (LMM), 2008 WL 4866054, at *7 (S.D.N.Y. Nov. 6, 2008)..............................................................................................................................3

*Hard Rock Café Int'l, (USA), Inc. v. Hard Rock Hotel Holdings, LLC*, 808 F. Supp. 2d 552, 567 (S.D.N.Y. 2011) ..........................................................................................................3, 4

*In Re Ideal Mortgage Bankers, Ltd.*, Case No. 10-79280-dte, Adv. Pro. No. 12-08453-dte (Bankr. Ct. E.D.N.Y. Dec. 23, 2013) .....................................................................................5

*In re LightSquared Inc.*, 511 B.R. 253, 333 n.119 (Bankr. S.D.N.Y. 2014) ............................3

*L-3 Commc'ns Corp. v. Sparton Corp. et al.*, No. 6:13-cv-1481-Orl-TBS (M.D. Fl. May 15, 2014)........................................................................................................................................5

*LCM XXII Ltd., et al. v. Serta Simmons Bedding, LLC*, No. 21 Civ. 3987 (S.D.N.Y. March 29, 2022) (Failla, J.) ...........................................................................................................2, 3

*Lehman Brothers Int'l (Europe) v. AG Fin. Prods., Inc.*, N.Y. Slip Op 50368(U) (N.Y. Sup. Ct. March 12, 2013) ................................................................................................................4

*Melwani, et al. v. Lipton, et al.*, No. 17 Civ. 8308 (S.D.N.Y. Sep. 20, 2019) ...........................4

*Mtume v. Sony Music Entertainment* ........................................................................................4

*Nuance Commc'ns, Inc. v. Int'l Bus. Machs. Corp.*, Civil Action No. 16-5173 (S.D.N.Y. June 21, 2021) ........................................................................................................................4

*Phoenix Light SF Ltd., et al. v. The Bank of N.Y. Mellon*, No. 14-cv-10104 (S.D.N.Y. Sep. 29, 2015)........................................................................................................................................4

*Raven Capital Mgmt. LLC, et al. v. Ga. Film Fund 72, LLC*, N.Y. Slip Op 30393(U) (N.Y. Sup. Ct. Feb. 8, 2021)..............................................................................................................4

*RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 367 (S.D.N.Y. 2009) ........3

*Saggio v. Select Portfolio Servicing, Inc.*, No. 15-cv-04300 (S.D.N.Y. Nov. 5, 2015)..............4

*Sandler, M.D. v. Montefiore Health Sys, Inc., et al.*, No. 16-cv-2258 (S.D.N.Y. Sep. 27, 2018)......................................................................................................................................3, 4

*Trireme Energy Holdings, Inc., et al. v. Innogy Renewables US LLC*, No. 20-cv-5015 (S.D.N.Y. Aug. 17, 2021) ........................................................................................................4

**Rules**

Federal Rule 15 ..................................................................................................................................2

Federal Rule 8(d)(2)–(3) ....................................................................................................................5

## PRELIMINARY STATEMENT

Defendants ended their opposing brief saying that amending the Complaint would be futile. The easy response crystalizes the debate; Plaintiffs can simply refile without the breach of contract cause of action. In the absence of a claim for ordinary breach, breach of the implied covenant of good faith and fair dealing ("Good Faith") would no longer be duplicative. The simplicity of the solution begs the question: How could the mere existence of a claim for ordinary breach prove fatal to a Good Faith cause of action? Of course, Plaintiffs cannot recover for both, but where ordinary breach was dismissed for reasons that do not apply to Good Faith, Good Faith should survive. That is what Good Faith is for.

As Plaintiffs argued in their opposition to the Motion for Dismissal and their Motion for Reconsideration, Plaintiffs pled the way they did because they predicted that Defendants would say that they were in technical compliance with the insurance contract. For that reason, Plaintiffs first laid out the factual basis of their claims by describing their expectations from the contract and how they understood the meaning of "coverage." They then concluded that the facts lay the predicate for ordinary breach or, in the alternative, Good Faith.

Defendants' assertion that Plaintiffs never before argued that "the Court could not dismiss both the implied covenant of good faith and breach of contract," is belied by the record. *See* Br. of Defs. at 4. Specifically, Plaintiffs wrote:

> Emblem cannot have it both ways. Emblem contended that the breach of contract count was deficient for lack of a specific provision. Now it argues that Good Faith, which by definition only requires an implication, is duplicative of an express breach. "It is well established that a party may plead alternative theories, even on the basis of allegations that contradict each other." Raglan Realty Corp. v. Tudor Hotel Corp., 149 A.D.2d 373, 375 (App. Div. 1st Dept. 1989).

Br. of Pl. in Opposition to Dismissal at 17. That was Plaintiffs' argument all along; a review of the record should leave no doubt to that effect.

Contrary to Defendants' implications, "the weight of authority" supports Plaintiffs' position that Good Faith is not duplicative of ordinary breach when the scope of the contract is in question. In fact, this past March, this very Court, in *LCM XXII Ltd., et al. v. Serta Simmons Bedding, LLC*, in what is likely the most explained and compelling treatment of the matter, adopted Plaintiffs' position without equivocation. *See* No. 21 Civ. 3987 (S.D.N.Y. March 29, 2022) (Failla, J.).

Plaintiffs' position is that it should not have to amend its pleading. Nonetheless, if necessary, it is prepared to do so by either omitting ordinary breach or by spelling out how the facts support a Good Faith breach specifically. For the avoidance of doubt, Plaintiffs have to date, never amended their Complaint under such circumstances. The first amendment was without leave, pursuant to Federal Rule 15, to avoid having to defend the validity of an entity as attorney-in-fact under New Jersey law. The second amendment was to correct typographical errors when the case was transferred to this Court. This would be the first time Plaintiffs would be granted leave to avoid dismissal, which should be allowed.

## LEGAL ARGUMENT

**I. THE WEIGHT OF AUTHORITY SUPPORTS PLAINTIFFS' POSITION THAT GOOD FAITH IS NOT DUPLICATIVE OF ORDINARY BREACH WHEN THE SCOPE OF THE CONTRACT IS IN QUESTION, AND IT IS PLED IN THE ALTERNATIVE.**

Despite Defendants implications to the contrary, the weight of authority is with Plaintiffs. Where, as here, "there is a *bona fide* dispute over whether a contract covers the contested issue, a plaintiff may assert a claim for breach of the implied covenant of good faith

and fair dealing in the alternative." *LCM XXII Ltd., et al.*, No. 21 Civ. 3987 (Failla, J.) (citing *Hard Rock Café Int'l, (USA), Inc. v. Hard Rock Hotel Holdings, LLC*, 808 F. Supp. 2d 552, 567 (S.D.N.Y. 2011) and *Fantozzi v. Axsys Techs., Inc.*, No. 07 Civ. 2667 (LMM), 2008 WL 4866054, at *7 (S.D.N.Y. Nov. 6, 2008)). Where there is no risk of redundant recovery, it is permissible to present Good Faith in the alternative. *LCM XXII Ltd.*, No. 21 Civ. 3987 (citing *In re LightSquared Inc.*, 511 B.R. 253, 333 n.119 (Bankr. S.D.N.Y. 2014).

Defendants argued—and the Court accepted—that the insurance policy in question does not explicitly commit to a specific level of coverage. In other words, the Court ruled that the contract does not cover the contested issue and that the matter is outside the "scope or enforceability of the putative contract." *See LCM XXII Ltd.*, No. 21 Civ. 3987 (allowing Good Faith "where there is a *bona fide* dispute over whether a contract covers the contested issue"); *Deutshe Bank Nat'l Trust Co. v. Fed. Deposit Ins. Corp. et al.*, 784 F. Supp. 2d 1142, 1162 (Ca. Dis. Ct. 2011) (citing *Fantozzi* to allow Good Faith where there is a dispute over the "scope" of the contract); *Sandler, M.D. v. Montefiore Health Sys, Inc., et al.*, No. 16-cv-2258 (S.D.N.Y. Sep. 27, 2018) (same).

Defendants implied that the Court in *RST (2005) Inc. v. Research in Motion Ltd.* said the "weight of authority" supports dismissal of Good Faith as duplicative even when ordinary breach is rejected. *See* Br. of Defs. at 4; *see also RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 367 (S.D.N.Y. 2009). But the *RST* court said no such thing. The *RST* court invoked the "weight of authority" for instances where ordinary breach is still in force, not for where it was rejected. *See id.* Indeed, the "weight of authority" is clearly on Plaintiffs' side. *See, e.g.*, *Fantozzi*, No. 07 Civ. 2667 at *7 (citing *E*Trade Financial Corp. v. Deutsche Bank AG*, 2008 WL 2428225, 26 (S.D.N.Y. 2008)) ("On a summary judgment motion where

the contract meaning is yet to be determined, a party can continue in both a claim for breach of contract and one for breach of the covenant of good faith and fair dealing."); *Hard Rock Café Int'l, (USA), Inc.*, 808 F. Supp. 2d at 567 (citing *Fantozzi* for the proposition that alternative pleading is permissible when the "existence or meaning of a contract is in doubt); *Nuance Commc'ns, Inc. v. Int'l Bus. Machs. Corp.*, Civil Action No. 16-5173 (S.D.N.Y. Jun. 21, 2021) (citing *Hard Rock*); *Alto v. Sun Pharm. Indus., Inc.*, No. 1:19-cv-09758 (S.D.N.Y. April 29, 2020) (citing *Fantozzi*); *Melwani, et al. v. Lipton, et al.*, No. 17 Civ. 8308 (S.D.N.Y. Sep. 20, 2019) (same); *Sandler, M.D.*, No. 16-cv-2258 (same); *Saggio v. Select Portfolio Servicing, Inc.*, No. 15-cv-04300 (S.D.N.Y. Nov. 5, 2015) (same); *Eaves, et al. v. Designs for Fin., Inc., et al.*, No. 09-cv-3952, n.23 (S.D.N.Y. Mar. 30, 2011) (same); *Deutsche Bank Nat'l Trust Co.*, 784 F. Supp. 2d at 1162 (same); *Phoenix Light SF Ltd., et al. v. The Bank of N.Y. Mellon*, No. 14-cv-10104 (S.D.N.Y. Sep. 29, 2015) (relying on *Fantozzi* to uphold Good Faith claim in part); *Trireme Energy Holdings, Inc., et al. v. Innogy Renewables US LLC*, No. 20-cv-5015 (S.D.N.Y. Aug. 17, 2021) (relying on *Fantozzi*); *Lehman Brothers Int'l (Europe) v. AG Fin. Prods., Inc.*, N.Y. Slip Op 50368(U) (N.Y. Sup. Ct. Mar. 12, 2013) (citing *Fantozzi* and *Hard Rock*); *Raven Capital Mgmt. LLC, et al. v. Ga. Film Fund 72, LLC*, N.Y. Slip Op 30393(U) (N.Y. Sup. Ct. Feb. 8, 2021) (same).

Defendants' attempts at distinguishing Plaintiffs' authorities are in vain. Most of the cases they distinguish were cited for other propositions, and Plaintiffs never meant to rely on them for their central argument. Like most of the courts cited above, Plaintiffs relied primarily on *Fantozzi* and *Hard Rock*, which Defendants could not distinguish. Concerning *Fantozzi*, Defendants cited *Mtume v. Sony Music Entertainment* that discounted *Fantozzi* because it equated Good Faith with quasi-contracts while ignoring all the cases cited above that cited

*Fantozzi* favorably and understood the comparison. *See* No. 18 Civ. 6037 (ER), 2020 U.S. Dist. LEXIS 150143, at *15 (S.D.N.Y. Aug. 19, 2020). Concerning *Hard Rock*, Defendants said that its holding is distinguishable because in *Hard Rock* the defendants allegedly "subverted the contract's purpose" as opposed to here, where there was no subversion. However, the *Hard Rock* court did not say that Good Faith is not duplicative because of the alleged subversion, and it has nothing to do with the central holding. *See Hard Rock Café Int'l, (USA), Inc.*, 808 F. Supp. 2d at 567–68. Besides, "subverted the contract's purpose" is precisely what Plaintiffs are alleging. Plaintiffs have repeatedly asserted that paying an insignificant amount on insurance claims undermines and subverts the entire concept of insurance and the agreement between the parties.

The arguments put forth by Defendants are thinly sourced and without a rationale. Critically, Defendants do not provide a rational basis for dismissing a claim as duplicative of a dismissed claim, nor do they attempt to reconcile their mysterious rule with Federal Rule 8(d)(2)–(3), which allows alternative pleading and gives the plaintiff "wide latitude in framing its right to recover." *See In Re Ideal Mortgage Bankers, Ltd.*, Case No. 10-79280-dte, Adv. Pro. No. 12-08453-dte (Bankr. Ct. E.D.N.Y. Dec. 23, 2013) (internal citation and quotation marks omitted) (adopting the same position as *Fantozzi* and *Hard Rock* and pointing out that will otherwise be inconsistent with the Federal Rules); *see also Deutshe Bank Nat'l Trust Co.*, 784 F. Supp. 2d at 1163 (rejecting the notion that "a plaintiff must use magic words" and spell out that they are pleading in the alternative"); *L-3 Commc'ns Corp. v. Sparton Corp. et al.*, No. 6:13-cv-1481-Orl-TBS (M.D. Fl. May 15, 2014) (adopting *Hard Rock* and attempting to reconcile it with the cases that reach a contrary conclusion).

Hiding behind technical compliance and denying Plaintiffs actual coverage and a

reasonable means to treat D's ASD diagnosis is a manifest injustice. Plaintiffs deserve to enjoy the benefits of their bargain and should not face the critical choice of inadequate care for D or financial ruin.

*LCM XXII Ltd.* was correctly decided, and its holding is consistent with the holdings of all the Courts cited above. This case is indistinguishable from *LCM XXII Ltd.,* and the Court should apply *LCM XXII Ltd.*'s holding and grant Plaintiffs' motion for reconsideration. At the very least, Plaintiffs should be given the opportunity to amend their pleading, which it can do by either omitting ordinary breach or by spelling out how the facts support a Good Faith breach in particular.

## **CONCLUSION**

For the reasons stated above, Plaintiffs ask the Court to grant Plaintiffs' motion for reconsideration and reinstate the action against Emblem.

Respectfully Submitted,

\_\_\_/s/ Yaakov Pollak_____
Yaakov Pollak, Esq.
55 Rena Lane
Lakewood, New Jersey 08701
(732) 833-3421
ypollak@nbyjlaw.com
*Attorney for Plaintiffs*