UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRAINBUILDERS LLC and H and D, by their Attorney-in-Fact, Rochel Sorotzkin,

                        Plaintiffs,

                -v.-

EMBLEMHEALTH, INC., GROUP HEALTH INCORPORATED, THE CITY OF NEW YORK, NEW YORK CITY OFFICE OF LABOR RELATIONS, and NEW YORK CITY DEPARTMENT OF EDUCATION,

                        Defendants.

21 Civ. 4627 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

    Before the Court is Plaintiffs' motion for reconsideration and/or leave to amend dated August 22, 2022. (*See* Dkt. #58).[1] By way of background, in an Opinion and Order dated August 8, 2022, the Court granted two motions to dismiss Plaintiffs' Second Amended Complaint — one filed by defendants EmblemHealth, Inc. ("Emblem") and Group Health Incorporated ("GHI," and together with Emblem, the "GHI Defendants"), and another filed by defendants City of New York, New York City Office of Labor Relations, and New York City Department of Education (together, the "City Defendants" and, together with

---

[1]     The Court continues to use the naming conventions defined in its Opinion and Order of August 8, 2022. The Court refers to that Opinion and Order as the "August 8, 2022 Opinion" or "Op." (Dkt. #56); to Plaintiffs' omnibus opposition to Defendants' motions to dismiss as "Pl. Opp." (Dkt. #51); to Plaintiffs' memorandum of law in support of their motion for reconsideration and/or leave to amend as "Pl. Recon. Br." (Dkt. #58); to Defendants' memorandum in opposition as "Def. Recon. Opp." (Dkt. #59); and to Plaintiffs' reply memorandum in further support of reconsideration and/or leave to amend as "Pl. Recon. Reply" (Dkt. #62). Additionally, in the absence of page numbers in Plaintiffs' papers, the Court has cited to what it understands to be the proper page numbers based on Plaintiffs' tables of contents.

the GHI Defendants, "Defendants"). *See Brainbuilders LLC* v. *EmblemHealth, Inc.*, No. 21 Civ. 4627 (KPF), 2022 WL 3156179, at *1 (S.D.N.Y. Aug. 8, 2022). The Clerk of Court entered judgment for Defendants on August 10, 2022. (Dkt. #57). Twelve days later, Plaintiffs filed the instant motion for reconsideration. (Dkt. #58). The GHI Defendants filed a brief in opposition to that motion on September 6, 2022. (Dkt. #59). Subsequently, the Court granted Plaintiffs' request for leave to file a reply brief (Dkt. #60-61), and Plaintiffs filed that reply on September 14, 2022 (Dkt. #62).

Plaintiffs ask the Court to reconsider only a portion of the August 8, 2022 Opinion — namely, the Court's dismissal of Plaintiffs' claim against the GHI Defendants for breach of the implied covenant of good faith and fair dealing (the "Good Faith Claim"). (Pl. Recon. Br. 3-5). Plaintiffs further request that the Court definitively rule that the suit was properly commenced as to the GHI Defendants by Rochel Sorotzkin on behalf of H and D, and not on behalf of Brainbuilders. (*Id.* at 5-6). Finally, Plaintiffs seek leave to amend their complaint for a third time to replead the Good Faith Claim and clarify the individuals for whose benefit the suit was commenced. (*Id.* at 6; Pl. Recon. Reply 2, 6). The Court has considered the motion pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the relevant caselaw. For the reasons set forth in the remainder of this Opinion, the motion is denied.

2

## DISCUSSION

### A. The Court Denies Plaintiffs' Motion for Reconsideration of the Good Faith Claim

#### 1. Applicable Law

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). "A movant may not rely upon facts, issues, or arguments that were previously available but not presented to the court." *Franza* v. *Stanford*, No. 16 Civ. 7635 (KMK), 2021 WL 2650512, at *1 (S.D.N.Y. June 28, 2021) (internal quotation marks and citations omitted); *see also Analytical Survs., Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks and citations omitted)). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc.* v. *Avesta Tech., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). Rather, under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). Indeed, because Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters,'" *S.E.C.* v. *Ashbury Cap. Partners, L.P.,* No. 00 Civ. 7898 (RCC), 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc.* v. *Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)), "[t]he manifest injustice standard is, by definition, deferential to district courts and provide[s] relief only in the proverbial rare case," *Corsair Special Situations Fund, L.P.* v. *Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (quoting *United States* v. *Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (internal quotation marks omitted)).

2. **Analysis**

In opposing the motions to dismiss, Plaintiffs clarified that they were pleading alternative contractual and quasi-contractual legal theories with respect to the Plan:

> As stated previously, Plaintiffs believe that Emblem is in breach of an explicit contractual obligation. However, as with some of the other causes of action, Plaintiffs [plead] breach of the implied covenant of good faith and fair dealing in the alternative. In other words, even if Emblem was not under an explicit contractual

4

> obligation to perform as stated, not doing so was in breach its Good Faith obligations.

(Pl. Opp. 17; *see also id.* at 16-18).  With particular respect to Plaintiffs' express breach of contract claim, the Court found that "Plaintiffs d[id] not allege that any specific contractual provision was purportedly breached, let alone how or why it was breached." (Op. 18 (citing *Gianelli* v. *RE/MAX of New York, Inc.*, 41 N.Y.S.3d 273, 274 (2d Dep't 2016) ("A breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached."))).  Turning to Plaintiffs' alternative quasi-contractual theory, the Court found that "Plaintiffs' breach of contract and breach of implied covenant claims are predicated on the same allegations that Defendants covered only a small fraction of the cost of D's treatments.  Accordingly, the Court dismisses the implied covenant claim as duplicative of Plaintiffs' breach of contract claim." (*Id.* at 19).

Plaintiffs now claim that the Court clearly erred in dismissing the Good Faith Claim as duplicative of Plaintiffs' breach of contract claim.  As support, Plaintiffs present for the first time a series of cases suggesting that a plaintiff may plead a good faith and fair dealing claim as an alternative to a breach of contract claim — even when predicated on identical facts — "where there is a *bona fide* dispute concerning [the] existence of a contract or whether the contract covers the dispute in issue." (*See* Pl. Recon. Br. 3-4 (quoting *Courtien Commc'ns, Ltd.* v. *Aetna Life Ins.*, 193 F. Supp. 2d 563, 571 (E.D.N.Y. 2002) (internal quotation marks and citations omitted)); *see also* Pl. Recon. Reply 2 (citing *LCM XXII Ltd.* v. *Serta Simmons Bedding, LLC*, No. 21 Civ. 3987 (KPF),

5

2022 WL 953109 (S.D.N.Y. Mar. 29, 2022))). As is clear from the summary above — and as acknowledged by Plaintiffs (*see* Pl. Recon. Br. 2 (conceding that Plaintiffs "did not previously cite to any authority" supporting this proposition)) — this argument was not raised by Plaintiffs originally, and their motion for reconsideration can be denied on this basis alone. *Gun Hill Rd. Serv. Station, Inc.* v. *ExxonMobil Oil Corp.*, No. 08 Civ. 7956 (PKC), 2013 WL 1804493, at *1 (S.D.N.Y. Apr. 18, 2013) (noting that "arguments raised for the first time on a motion for reconsideration … are generally considered waived" (citing *Official Comm. of Unsecured Creditors of Color Tile, Inc.* v. *Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003))).[2]

However, even if this argument had been properly raised, it would not require a contrary result because there exists no *bona fide* dispute as to either the existence or applicability of a contract to the claims at issue. In the only paragraph in which Plaintiffs expand on this alleged dispute, they claim that

> Defendants argued — and the Court accepted — that the insurance policy in question does not explicitly commit to a specific level of coverage. In other words, the Court ruled that the contract does not cover the contested issue and that the matter is outside the scope or enforceability of the putative contract.

---

[2] Indeed, "[t]he reason for the rule confining reconsideration to matters that were overlooked is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Sikhs for Just.* v. *Nath,* 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). Were it otherwise, "disappointed litigants would be forever raising new arguments and there would be no end to litigation." *Assoc. Press* v. *U.S. Dep't of Def.,* 410 F. Supp. 2d 147, 152 (S.D.N.Y. 2006); *see also Anwar* v. *Fairfield Greenwich Ltd.,* 164 F. Supp. 3d 558, 561 (S.D.N.Y. 2016) ("A court must narrowly construe and strictly apply Rule 6.3 so as to … prevent [the Rule] from being used to advance different theories not previously argued or as a substitute for appealing a final judgment.").

(Pl. Recon. Reply 3 (citing *LCM XXII Ltd.*, 2022 WL 953109, at *15) (internal quotation marks omitted)). Plaintiffs' claim is a rhetorical sleight of hand: whether a contract "cover[s]" the contested issue in a litigation is distinct from the degree to which Plaintiffs' insurance claim is *covered* by the insurer. Here, it is uncontested that (i) the Plan "includes coverage for [applied behavioral analysis]" (SAC ¶19); (ii) "the amounts that GHI will reimburse for the Plan's covered services 'are based upon data collected by GHI and agreed to by the City of New York'" (SAC ¶ 23); and (iii) the contract makes no assurances as to a sum certain that will be paid by GHI (*see* SAC ¶¶ 15-23). As such, Plaintiffs' claim could fall within the scope of the Plan, but the Plan may only require reimbursement of a small percentage of that claim.

Accordingly, unlike the cases on which Plaintiffs "primarily" rely (Pl. Recon. Reply 4), there is no *bona fide* "dispute concerning [the] existence of a contract or whether the contract covers the dispute in issue." *Fantozzi* v. *Axsys Techs., Inc.*, No. 07 Civ. 2667 (LMM), 2008 WL 4866054, at *1-3, 7 (S.D.N.Y. Nov. 6, 2008) (determining that dispute existed as to which parties were entitled to funds under the express terms of an agreement); *see also LCM XXII Ltd.*, 2022 WL 953109, at *2-4, 15 (determining that dispute existed as to whether a defendant's actions in amending the definition of certain terms under an agreement without the plaintiffs' consent violated the express terms of the agreement); *Hard Rock Cafe Int'l* v. *Hard Rock Hotel Holdings*, 808 F. Supp. 2d 552, 567-68 (S.D.N.Y. 2011) (determining that disputes existed as to (i) whether certain parties had authority to sub-license trademarks under the

terms of a trademark agreement and (ii) whether one party lied to its business partners in attempting to stop the other party from proceeding under the terms of the contract).

For the foregoing reasons, and because there was neither clear error nor manifest injustice stemming from the Court's Opinion, the Court will not alter its Opinion on this ground.

**B.     The Court Denies Plaintiffs' Request to Confirm Sorotzkin's Power of Attorney to Sue on Behalf of H and D**

As to the power-of-attorney issue, Plaintiffs request that the Court rule definitively that the suit was properly commenced for the benefit of H and D — that is, that Rochel Sorotzkin had a valid power of attorney to bring claims on behalf of H and D and brought claims on their behalf.  The August 8, 2022 Opinion made clear that H and D had standing to sue the GHI Defendants for their own benefit, and that Rochel Sorotzkin, as holder of H and D's power of attorney under New Jersey law, could similarly sue the GHI Defendants on their behalf.  (*See* Op. 12-13).  It also explained that, in light of the no-assignment provision of the Plan, Sorotzkin could not sue on her own behalf, nor on behalf of Brainbuilders.  (*Id.* at 16).  Further, the Court found that the power of attorney did not grant Sorotzkin or Brainbuilders legal or equitable title in the Members' claims.  (*Id.*).  Plaintiffs' motion does not give the Court any reason to reconsider or supplement these holdings.

The Court was, and remains to be, troubled by (i) the SAC's language indicating that "H, on behalf of herself and on behalf of … D … executed an assignment of benefits and an assignment of the right to pursue legal and

administrative remedies under their health insurance plan *for the benefit of Brainbuilders*, which assignment is valid *at least* as it pertains to NYC Defendants" (SAC ¶¶ 1-2 (emphases added)); and (ii) the SAC's failure to identify which Plaintiffs were entitled to reimbursement — H, D, Brainbuilders, or Sorotzkin (*see* SAC 10 (B)).  However, these pleading deficiencies were in no way dispositive.  In fact, while the Court noted its concern, it made clear that such information was immaterial to its ultimate decision "because *even interpreting this lawsuit as validly commenced on behalf of and for the sole benefit of the Members*, the Court must dismiss the Members' claims against the GHI Defendants" for the remaining reasons upon which it relied.  (Op. 16 (emphasis added)).  Indeed, had the Court thought these issues to be dispositive, it would have granted Plaintiffs leave to amend their Complaint to identify the beneficiary of the judgment, and to clarify that the claims against GHI Defendants were not made for the benefit of Brainbuilders.  Instead, the Court (as it does again below), found that future amendments would be futile, and that Plaintiffs' prior failures to correct the deficiencies in the pleadings only confirmed that fact.  (*See* Op. 43-44).  Put simply, the Court will not now resolve in the context of a motion for reconsideration a fact that was not dispositive of any issue in the underlying motion.  *See Friends of Gateway* v. *Slater*, 257 F.3d 74, 83 (2d Cir. 2001) (denying motion for reconsideration requesting that the court take judicial notice of an issue that was "irrelevant to [its] determination").

### C. The Court Denies Plaintiffs' Request for Leave to File a Third Amended Complaint

While acknowledging that they "did not previously find it necessary" to amend their complaint to clarify the nature of their claims, Plaintiffs now request leave to amend their Complaint for a third time to "elucidate the difference between the ordinary breach claim and the Good Faith Claim and the beneficiary of a future judgment." (Pl. Recon. Br. 6). Although leave to amend complaints should be "freely give[n]" under Rule 15(a) of the Federal Rules of Civil Procedure, leave need not be granted where the party waits to make the proposed amendment until after judgment has been entered, or where the proposed amendment would be futile. *See, e.g., Janese* v. *Fay*, 692 F.3d 221, 229 (2d Cir. 2012) ("[A]mendment of a complaint becomes significantly more difficult when a plaintiff waits … until after judgment has been entered."); *Olson* v. *Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020) (noting that "[i]f the proposed amendments would be futile," a court may deny a party's leave to amend on that basis). Because Plaintiffs waited until after a judgment was entered and amendment would be futile, the Court denies Plaintiffs' request.

On the first ground, this Circuit has long held that "[o]nce judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Janese*, 692 F.3d at 229 (quoting *Nat'l Petrochemical Co. of Iran* v. *M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991)); *accord Ruotolo* v. *City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint postjudgment must

10

first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)."). "The merit of this approach is that '[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.'" *Janese*, 692 F.3d at 229 (quoting *Nat'l Petrochemical Co. of Iran*, 930 F.2d 240, 245 (citation omitted)).

Accordingly, where a district court denies reconsideration, a motion for leave to amend is rendered moot. *See Janese*, 692 F.2d at 225; *accord Smith* v. *Hogan*, 794 F.3d 249, 256 (2d Cir. 2015) ("[The plaintiff] sought leave to replead only after judgment had been entered. Because he did not succeed in having the judgment vacated, he was not entitled to replead at this stage of the case." (citing *Nat'l Petrochemical Co. of Iran*, 930 F.2d at 244-45)). Since Plaintiffs only now seek to amend on issues that the Court itself considered before issuing its Opinion (and on which Plaintiffs elected not to speak in their opposition to Defendants' motions to dismiss), the Court denies Plaintiffs' motion for leave to amend.

Additionally, leave to amend is denied on the basis of futility. Amendment is futile if the "amended portion of the complaint would fail to state a cause of action[.]" *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). Here, the Court already *sua sponte* considered the need for leave to amend in its August 8, 2022 Opinion, noting that (i) "Plaintiffs have already taken advantage of two opportunities to amend their complaint, including after Defendants filed motions to dismiss in the District of New

11

Jersey, raising the very arguments that the Court has found to be dispositive here"; and (ii) "Plaintiffs have not identified any amendments that would alter the Court's analysis, and their [two] prior failures to correct the deficiencies in the pleadings suggest that they are unlikely to be able to do so." (Op. 44).

A sister court in this District once observed that "pleading is not a game of skill in which one misstep may be decisive to the outcome, [but] neither is it an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges." *In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.*, No. 06 Civ. 643 (GEL), 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008) (internal quotation marks and citations omitted), *aff'd sub nom. Capital Mgmt. Select Fund Ltd.* v. *Bennett*, 680 F.3d 214 (2d Cir. 2012). Plaintiffs' belated inclusion of a request for leave to amend only underscores the fact that their present arguments are not a basis for reconsideration. Plaintiffs themselves admit that they "did not previously find it necessary" to amend their complaint to clarify the issues raised here (Pl. Recon. Br. 6), thereby raising the precise tennis match *In re Refco* counseled against. For this additional reason, the Court denies Plaintiffs' motion for leave to amend.

## CONCLUSION

The Court DENIES Plaintiffs' motion for reconsideration and/or leave to amend. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   November 22, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge